IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANDARD PROCESS INC.,

          Plaintiff,

v.

STEPHEN DIAZ, and JOHN DOES 1-100,
individually or as corporate/business entities,

          Defendants.

ORDER

20-cv-373-slc

---

    Plaintiff Standard Process has sued Stephen Diaz for trademark infringement based on products he sells through his storefront on Amazon.com. Dkt. 1. Standard Process has had contact with Diaz through his P.O. Box and email addresses, but it has been unable to physically locate him to personally serve him with the summons and complaint. Accordingly, Standard Process asks this court for leave to serve Diaz by mail to his known P.O. Box and by email to his known email address. Dkt. 5.

    Under Fed. R. Civ. P. 4(e)(1), a plaintiff may serve an individual by "following state law for serving a summons brought in courts of general jurisdiction of the state where the district court is located or where service is made." Standard Process proposes to serve Diaz in Arizona. Under Arizona law, an individual defendant can be served either personally, by leaving a copy at his dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy to an authorized agent. Ariz. R. Civ. P. 4.1(d). However, if a party shows that personal service is impracticable, the court may "order that service may be accomplished in another manner." Ariz. R. Civ. P. 4.1(k)(1).

    According to Standard Process, personal service on Diaz is impracticable because Diaz's residence and whereabouts are unknown. In support of its motion, Standard Process explains that it searched diligently for his physical address and was able to identify three physical addresses, plus the P.O. Box. The addresses are: (1) 2030 East Broadway Rd., Apt. 2145, Tempe, AZ; (2) 351 E. Civic Center Dr., Apt. 1007, Gilbert, AZ; and (3) 463 E. Vinedo Lane, Tempe, AZ. It says it

"attempted to contact Diaz at all of these addresses, and only the Mesa P.O. Box worked." Mot., dkt. 5, at 5.

The court accepts this assertion for the first two addresses, but not the third. Standard Process's motion and supporting affidavit show that it sent process servers to the East Broadway and Civic Center addresses who made contact with the individuals living there, neither of whom was Diaz and both of whom denied knowing him. Standard Process has *not* attempted to personally serve Diaz at the Vinedo Lane address, however. As it explains in its motion, Standard Process has deduced that this is not a good address for Diaz because his email response to cease-and-desist letters mailed to him at both his Vinedo Lane address and his P.O. Box referred only to the two letters sent to his P.O. Box and not the letter sent to the Vinedo Lane address. Dkt. 5, at 3. However, there is another possibility: Diaz did not want to acknowledge receipt of the letter mailed to Vinedo Lane because he did not want to disclose his physical whereabouts.

Accordingly, because the possibility remains that Diaz resides and can be served personally at the Vinedo Lane address, Standard Process has not established that personal service is impracticable. Accordingly, Standard Process's motion for alternative service is denied at this time, subject to renewal if it determines that Diaz does not reside at Vinedo Lane or otherwise cannot be served there.

Entered this 2nd of June, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge